IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>*v.*<br><br>SECRETARY OF STATE DAVID<br>SCANLAN<br>107 North Main Street, Room 204, Concord,<br>NH 03301<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23-cv-00531 |

**VERIFIED MOTION IN LIMINE TO EXCLUDE ALL DEFENSE EXHIBITS FROM THE STANDING HEARING**

In *Warth v. Seldin*, the U.S. Supreme Court explained the following:

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts ***must accept as true all material allegations of the complaint***, and must construe the complaint in favor of the complaining party… At the same time, ***it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing***. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed."[1]

The U.S. Court of Appeals for the First Circuit has even explained that in considering pre-discovery dismissal for lack of standing, "'we accept as true all well-pleaded factual averments in the plaintiff's... complaint and indulge all reasonable inferences therefrom in his favor.'"[2]

---

[1] 422 U.S. 490, 501–02 (1975).
[2] *Katz v. Pershing, LLC*, 672 F.3d 64, 70–71 (1st Cir. 2012) (quoting *Deniz v. Mun'y of Guaynabo*, 285 F.3d 142, 144 (1st Cir. 2002).

The reason this was not applicable in *Castro v. Trump I* was because that case involved a Rule 65(a)(2) expedited trial on the merits; not a pre-discovery standing hearing such as this.[3]

### REQUESTED RELIEF

Based on the foregoing, because both the U.S. Supreme Court and the U.S. Court of Appeals for the First Circuit have held that a pre-discovery hearing on standing mandatorily requires that all material allegations in the complaint and related filings be accepted as true, Defendant Donald John Trump's exhibits would have zero relevance in this particular hearing.

As such, Plaintiff moves to exclude all exhibits on this basis. It would be futile for Defendant to be permitted to submit exhibits to rebut Plaintiff's Verified factual allegations that must legally be accepted as true by this Honorable Court.

This Honorable Court certainly can and has, in fact, "require[d] the plaintiff to supply… further particularized allegations of fact deemed supportive of plaintiff's standing," which Plaintiff intends to do further do at the hearing.

Dated: January 1, 2024.                    Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

---

[3] Plaintiff's in-state campaign activities coupled with worldwide media coverage rocketing his national profile and dark horse candidacy into the mainstream now makes it indisputable that he is currently and directly competing for thousands of votes with Defendant Donald John Trump in New Hampshire, and that is indisputably more than sufficient for Article III Standing.

## VERIFICATION

I, John Anthony Castro, pursuant to 28 U.S.C. § 1746, verify under criminal penalty of perjury, that the entirety of the foregoing document is unequivocally true and correct.

Executed on January 1, 2024.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was electronically filed with the Court via CM/ECG on January 1, 2024 and that all parties are registered users of said system and will be electronically notified.

*/s/ John Anthony Castro*
John Anthony Castro
